IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Clark Capital Management Group, Inc., | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| Navigator Money Management, Inc., | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Clark Capital Management Group, Inc. ("Clark Capital"), by and through its undersigned attorneys for its complaint against defendant, Navigator Money Management, Inc. ("Navigator Money Management") alleges as follows:

## PARTIES

1.  Plaintiff, Clark Capital Management Group, Inc., is a Pennsylvania corporation with a place of business at One Liberty Place, 1650 Market Street, 53rd Floor, Philadelphia, PA 19103. Clark Capital is the owner of the intellectual property at issue in this case.

2.  Defendant, Navigator Money Management, Inc., is a New York Corporation, with a principal address of Executive Park, 1207 Route 9, Suite 10, Wappingers Falls, NY 12590.

## JURISDICTION AND VENUE

3.  This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, et seq., and common law. As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

4. This Court may exercise personal jurisdiction over Navigator Money Management. A substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district. As such, Navigator Money Management should reasonably expect that its activities might have consequences herein. Moreover, Pennsylvania's long arm statute, 42 Pa. C.S.A. § 5322(a), confers personal jurisdiction over Navigator Money Management because Navigator Money Management's business activities within the Commonwealth of Pennsylvania and in this judicial district are directly and/or indirectly infringing upon Clark Capital's rights, and otherwise causing harm to Clark Capital.

5. This court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121. This court has supplemental jurisdiction over the claims brought under the common law pursuant to § 1367(a).

6. Venue is proper in this judicial district pursuant to Title 28 U.S.C. § 1391.

### BACKGROUND AS TO PLAINTIFF'S BUSINESS AND ITS INTELLECTUAL PROPERTY

7. Clark Capital is a provider of mutual funds and mutual fund services, namely providing fund brokerage; mutual fund distribution; and management of mutual funds, portfolio solutions, and closed-end investments. Further, Clark Capital is a registered investment advisor offering wealth management services designed to provide proven strategies to individual high net worth investors, trusts, endowments, employee benefit plans, corporations, and municipalities.

8. Clark Capital also offers investment advisory and consulting services designed to provide strategies using proven quantitative investment models to apportion and diversify

investor portfolios of different financial instruments to achieve an optimum mix or ratio of financial assets such as mutual funds, stocks, bonds, cash holdings, and annuities.

9. Clark Capital has adopted and used its family of NAVIGATOR marks for its mutual funds, mutual fund services, and investment advisory and consulting services.

10. Clark Capital has also used its NAVIGATOR mark and theme in connection with its printed publications, namely a quarterly newsletter called THE NAVIGATOR REPORT that it publishes for its clients and also makes publicly available at its website located at www.ccmg.com. Clark Capital's publications associated with THE NAVIGATOR REPORT include financial information and general analysis in connection with the economic behavior of mutual funds, stocks, bonds, and annuities.

11. Clark Capital has registered many of its NAVIGATOR marks.

12. On October 29, 1991, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 1662756 for NAVIGATOR for investment advisory services in the field of stocks and mutual funds. Clark Capital first used this mark as early as March 1987. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

13. On August 9, 1994, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 1849587 for NAVIGATOR MASTER for investment advisory services in the field of stocks and mutual funds. Clark Capital first used this mark as early as January 1994. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

14.     On July 11, 1995, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 1904627 for NAVIGATOR S.T.A.R. for investment advisory services in the field of stocks and mutual funds. Clark Capital first used this mark as early as January 1994. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

15.     On February 15, 2000, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2318330 for NAVIGATOR CLASSIC for investment advisory services in the field of stocks and mutual funds. Clark Capital first used this mark as early as January 1994. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

16.     On February 29, 2000, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2324236 for NAVIGATOR STRATEGIC WORLD for investment management services for optimal asset allocation in the field of stocks, bonds and mutual funds. Clark Capital first used this mark as early as January 1997. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

17.     On October 22, 2002, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2639961 for NAVIGATOR FUND for investment advisory services in the field of stocks and mutual funds. Clark Capital first used this mark as early as April 2002. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

18. On October 22, 2002, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2638519 for NAVIGATOR PREMIER for investment advisory services in the field of stocks and mutual funds. Clark Capital first used this mark as early as January 1999. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

19. On August 12, 2003, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2750916 for NAVIGATOR ASSET MANAGEMENT for financial and investment advisory services in the field of stocks and mutual funds. Clark Capital first used this mark as early as April 2001. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

20. On December 2, 2003, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2789230 for NAVIGATORLINK for computer software and programs for use in database management and investment advisory services in the field of stocks and mutual funds. Clark Capital first used this mark as early as January 2000. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

21. On September 11, 2007, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3292265 for NAVIGATOR SENTRY for investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; and stock brokerage services. Clark Capital used this mark as early as January 2003.

22. On May 13, 2008, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3426152 for NAVIGATOR 401K for investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services. Clark Capital used this mark as early as February 2007.

23. On April 21, 2009, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3608683 for NAVIGATOR & Design for printed publication, namely, a newsletter in the field of investment advisory services in the field of stocks, bonds, annuities and mutual funds, investment consultation, asset allocation services and stock brokerage services; investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services. Clark Capital used this mark as early as January 2006.

24. On October 20, 2009, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3698185 for NAVIGATOR for printed publication, namely, a newsletter in the field of investment advisory services in the field of stocks, bonds, annuities and mutual funds, investment consultation, asset allocation services and stock brokerage services; investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services. Clark Capital used this mark as early as March 1987.

25. On December 8, 2009, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3721660 for NAVIGATOR 401(K) "KEEPING YOU ON COURSE FOR RETIREMENT" & Design for investment advisory

services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services. Clark Capital used this mark as early as February 2007.

26. Clark Capital's U.S. Registration Nos. 1662756 for NAVIGATOR; 1849587 for NAVIGATOR MASTER; 1904627 for NAVIGATOR S.T.A.R.; 2318330 for NAVIGATOR CLASSIC; 2324236 for NAVIGATOR STRATEGIC WORLD; 2639961 for NAVIGATOR FUND; 2638519 for NAVIGATOR PREMIER; 2750916 for NAVIGATOR ASSET MANAGEMENT; and 2789230 for NAVIGATORLINK have acquired incontestable status.

27. The above referenced registrations containing the "Navigator" term (hereinafter "NAVIGATOR Marks") are in full force and effect.

28. Clark Capital's NAVIGATOR Marks are strong. They are inherently distinctive and represent Clark Capital's exceedingly valuable goodwill.

29. Clark Capital's NAVIGATOR Marks have become well known throughout the investment, mutual fund brokerage, financial planning, wealth management, asset allocation, investment advisory, and consulting fields. Through its use of the NAVIGATOR Marks, Clark Capital has developed an excellent reputation for its products and services and has been recognized as a leader among boutique companies in the financial industry for these products and services.

30. The market success of Clark Capital's mutual fund and related services offered under the NAVIGATOR Marks has been great, and the relevant public has come to rely upon

and recognize Clark Capital's services by its NAVIGATOR Marks. The marks have substantial goodwill associated with them.

31. Clark Capital has vigorously defended its NAVIGATOR Marks against infringers and potential infringers. Clark Capital has filed many Opposition proceedings in the United States Patent and Trademark Office to prevent the registration of conflicting marks. Clark Capital has also filed suit in federal district court on many occasions in order to protect its NAVIGATOR Marks.

32. Clark Capital has notified Navigator Money Management of Clark Capital's NAVIGATOR Marks and requested that Navigator Money Management discontinue all use of the designation NAVIGATOR in connection with its business name, the navigatormoney.com and navigatornewsletters.com websites, financial consulting, investment advisory services, portfolio management, retirement planning services and newsletters.

## BACKGROUND AS TO DEFENDANT'S UNLAWFUL CONDUCT

33. As early as May of 2010, Navigator Money Management was using the term NAVIGATOR FUND in connection with an investment series.

34. Clark Capital instituted suit against Navigator Money Management on or about August 18, 2010 complaining that Navigator Money Management was improperly using the term NAVIGATOR FUND in connection with mutual funds, mutual fund services and investment advisory and consulting services.

35. On or about December 6, 2010, the parties entered into a settlement agreement ("Settlement Agreement") whereby Navigator Money Management agreed to permanently

discontinue all use of the term NAVIGATOR FUND within sixty days of December 6, 2010, and also to direct the Securities and Exchange Commission to remove all references to the term NAVIGATOR FUND in connection with the investment series THE NAVIGATOR FUND within seventy-five days of December 6, 2010.

36. Navigator Money Management is currently using the term NAVIGATOR in connection with its business name, the navigatormoney.com and navigatornewsletters.com websites, financial consulting, investment advisory services, portfolio management, retirement planning services and newsletters.

37. On or about March 30, 2011, Clark Capital demanded that Navigator Money Management cease and desist from using the NAVIGATOR designation in the name of its company, in the domain name for the company, and in connection with financial consulting, investment advisory services, portfolio management and retirement planning services. Clark Capital additionally demanded that Navigator Money Management cease and desist from using the NAVIGATOR designation in connection with the navigatornewsletters.com website and the corresponding newsletters.

38. To date, Navigator Money Management has refused to comply with these demands and has instead asserted that Clark Capital has somehow consented to its use of the NAVIGATOR designation by virtue of the parties' Settlement Agreement despite the clear language of that Agreement.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

39. Clark Capital repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

40. The federal registration of Clark Capital's NAVIGATOR Marks evidences Clark Capital's exclusive right to use the NAVIGATOR Marks in connection with financial and investment advisory services. 15 U.S.C. § 1115.

41. Clark Capital's U.S. Registration Nos. 2639961 for NAVIGATOR FUND; 1662756 for NAVIGATOR; 1849587 for NAVIGATOR MASTER; 1904627 for NAVIGATOR S.T.A.R.; 2318330 for NAVIGATOR CLASSIC; 2324236 for NAVIGATOR STRATEGIC WORLD; 2638519 for NAVIGATOR PREMIER; 2750916 for NAVIGATOR ASSET MANAGEMENT; and 2789230 for NAVIGATORLINK have acquired incontestable status. Thus, the registrations for these marks shall be conclusive evidence of the validity of the registered marks, of Clark Capital's ownership of the marks, and of Clark Capital's exclusive right to use the registered marks in commerce in connection with the financial advisory and consulting services specified in the affidavits filed under the provisions of 15 U.S.C. § 1065 and/or the renewal applications filed under the provisions of 15 U.S.C. § 1059.

42. Upon information and belief, Navigator Money Management uses NAVIGATOR in connection with its business name, the navigatormoney.com and navigatornewsletters.com websites, financial consulting, investment advisory services, portfolio management, retirement planning services and newsletters.

43. Navigator Money Management's use of NAVIGATOR is identical in sound, meaning and appearance to Clark Capital's pre-existing NAVIGATOR Marks. The marks create the same commercial impression and are confusingly similar.

44. Upon information and belief, Clark Capital's and Navigator Money Management's respective financial and investment services are offered in the same channels of

10

trade and are directed to the same or similar clients that invest assets funds. The investment advisory and management services offered by Clark Capital and Navigator Money Management are identical, if not, closely related.

45. Navigator Money Management's use of NAVIGATOR in connection with its business name, the navigatormoney.com and navigatornewsletters.com websites, financial consulting, investment advisory services, portfolio management, retirement planning services and newsletters is likely to cause confusion or mistake or to deceive, as to the source, affiliation or sponsorship with Clark Capital's NAVIGATOR Marks for its investment advisory and management services in violation of 15 U.S.C. § 1051 et seq., specifically §§ 1114-1118.

46. This unauthorized use by Navigator Money Management constitutes infringement of Clark Capital's registered marks, described above, in violation of 15 U.S.C. § 1051 et seq., to the substantial and irreparable injury of the public and of Clark Capital's marks, business reputation, and goodwill.

47. Clark Capital contacted Navigator Money Management on March 30, 2011 via letter and advised Navigator Money Management of Clark Capital's rights in and to the NAVIGATOR Marks. Clark Capital requested that Navigator Money Management refrain from using NAVIGATOR in connection with its business name, the navigatormoney.com and navigatornewsletters.com websites, financial consulting, investment advisory services, portfolio management, retirement planning services and newsletters. Clark Capital further advised of its concern that consumers are likely to confuse Navigator Money Management's use of NAVIGATOR with Clark Capital's NAVIGATOR Marks.

48. The activities of Navigator Money Management complained of herein constitute willful and intentional infringement of Clark Capital's federally registered NAVIGATOR Marks, in derogation of Clark Capital's rights in violation of 15 U.S.C. §§ 114 and 117. Acts of infringement commenced and have continued in spite of Navigator Money Managements' knowledge that the use of Clark Capital's NAVIGATOR Marks was and is in contravention of Clark Capital's rights.

49. Clark Capital has not given consent directly or indirectly to Navigator Money Management to use the NAVIGATOR Marks, or any mark similar thereto.

50. Navigator Money Management's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Clark Capital in its marks and in its business, reputation, and goodwill.

51. Clark Capital's damages from the aforesaid unlawful actions to the extent ascertainable, have not yet been determined.

52. Clark Capital seeks attorney's fees and costs given the willful conduct of Navigator Money Management.

53. Clark Capital seeks treble damages given the willful conduct of Navigator Money Management.

## COUNT II - FEDERAL UNFAIR COMPETITION

54. Clark Capital repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

55. Clark Capital's NAVIGATOR Marks are distinctive and have acquired secondary meaning and significance in the minds of the relevant public.

56. After Clark Capital's adoption and use of its NAVIGATOR Marks in connection with investment funds and related services, and with actual and constructive notice thereof, Navigator Money Management adopted and used the designation NAVIGATOR in connection with its business name, the navigatormoney.com and navigatornewsletters.com websites, financial consulting, investment advisory services, portfolio management, retirement planning services and newsletters..

57. Clark Capital has not given consent directly or indirectly to Navigator Money Management to use the NAVIGATOR Marks, or any mark similar thereto.

58. Navigator Money Management's activities are likely to cause confusion, or to cause mistake, or to deceive, causing great harm to Clark Capital's reputation and goodwill.

59. Navigator Money Management has unfairly competed with Clark Capital's NAVIGATOR Marks in interstate commerce and in this district by various acts, including using NAVIGATOR in connection with its business name, the navigatormoney.com and navigatornewsletters.com websites, financial consulting, investment advisory services, portfolio management, retirement planning services and newsletters. This unauthorized use by Navigator Money Managements constitutes unfair competition to the substantial and irreparable injury of the public and of Clark Capital's marks, business reputation, and goodwill. 15 U.S.C. § 1125.

60. The activities of Navigator Money Management complained of herein constitute willful and intentional tort, in derogation of Clark Capital's rights. Acts of unfair competition

commenced and have continued in spite of Navigator Money Managements' knowledge that the use of Clark Capital's NAVIGATOR Marks was and is in contravention of Clark Capital's rights.

61. Navigator Money Management's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Clark Capital in its marks and in its business, reputation, and goodwill.

62. Clark Capital has not given consent directly or indirectly to Navigator Money Managements to use the NAVIGATOR Marks, or any mark similar thereto.

63. Clark Capital's damages from the aforesaid unlawful actions of Navigator Money Management, to the extent ascertainable, have not yet been determined.

64. Clark Capital seeks attorney's fees and costs given the willful conduct of Navigator Money Management.

65. Clark Capital seeks treble damages given the willful conduct of Navigator Money Management.

## COUNT III – UNJUST ENRICHMENT

66. Clark Capital repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

67. This cause of action arises under the common law.

68. Upon information and belief, by the acts and activities of Navigator Money Management complained of herein, Navigator Money Management has been unjustly enriched to Clark Capital's detriment.

69. Navigator Money Management's conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Clark Capital in its NAVIGATOR Marks, business reputation and goodwill.

70. On information and belief, Navigator Money Management will continue to infringe Clark Capital's valuable rights in its NAVIGATOR Marks to the detriment of Clark Capital unless restrained by this court.

71. Clark Capital's damages from the aforesaid unlawful actions of Navigator Money Management, to the extent ascertainable, have not yet been determined.

72. Clark Capital seeks enhanced damages due to Navigator Money Management's willful conduct.

**PRAYERS FOR RELIEF**

1. That the Court preliminary and permanently enjoin and restrain Navigator Money Management, its officers, directors, agents, employees and all persons in active concert or participation with it who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

    (a) infringing or contributing to the infringement;

    (b) engaging in any acts or activities directly or indirectly calculated to infringe Clark Capital's NAVIGATOR Marks;

15

    (c)    using in selling, offering for sale, promoting, advertising, marketing or distributing of Navigator Money Managements' products, advertisements or marketing materials that use the term NAVIGATOR;

    (d)    using any configuration or design that is confusingly similar to Clark Capital's NAVIGATOR Marks; and

    (e)    otherwise competing unfairly with Clark Capital in any manner whatsoever.

    2.    That the Court find that Navigator Money Management is infringing Clark Capital's NAVIGATOR Marks and is competing unfairly with Clark Capital, and otherwise has been unjustly enriched.

    3.    That the Court Order Navigator Money Management to deliver up to Clark Capital for destruction, at Navigator Money Management's expense, catalogs, web site materials, literature, brochures, quotes, packaging, signs, promotional materials, advertisements and other communications to the public in the possession or under the control of Navigator Money Management, and any other material or any representations that are or may contain designations similar to Clark Capital's NAVIGATOR Marks.

    4.    That the Court Order Navigator Money Management to account for and pay to Clark Capital the damages to which Clark Capital is entitled as a consequence of the infringement of Clark Capital's NAVIGATOR Marks.

    5.    That the Court Order Navigator Money Management to account for and to pay over to Clark Capital all damages suffered by Clark Capital as a result of Navigator Money Management's unfair competition.

6. That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Navigator Money Management so as to prevent fraud on the Court and so as to ensure the capacity of Navigator Money Management to pay, and the prompt payment of, any judgment entered against Navigator Money Management in this action.

7. That the Court award Clark Capital its compensatory, incidental, and consequential damages.

8. That the Court award Clark Capital enhanced, treble, and/or punitive damages.

9. That the Court award Clark Capital its reasonable attorney's fees and the costs of this action.

10. That the Court grant Clark Capital such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Clark Capital demands a trial by jury on all triable issues of fact.

Respectfully submitted,

*/s/ Camille M. Miller*

Camille M. Miller
Melanie A. Miller
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
(215) 665-2273

Attorneys for Plaintiff
Clark Capital Management Group, Inc.

Dated: May 26, 2011